David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(T) (702) 880-5554
(F) (702) 967-6665
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
*ZACHARY J. P. BAGDASARIAN*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ZACHARY J. P. BAGDASARIAN, | Case No. 2:17-cv-01481-RFB-VCF |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| FORD MOTOR CREDIT CO.; VW CREDIT INC.; WELLS FARGO DEALER SERVICES; KAY JEWELERS; WELLS FARGO CARD SERVICES; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC,, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff ZACHARY J. P. BAGDASARIAN ("Plaintiff") and Defendants WELLS FARGO CARD SERVICES and TRANS UNION, LLC, (collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff and Defendants WELLS FARGO CARD SERVICES and TRANS UNION, LLC, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need

1    not serve a notice re-designating those portions of the transcript as confidential information.
2    Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

3          6.      Except with the prior written consent of the individual or entity designating a
4    document or portions of a document as "Confidential," or pursuant to prior Order after notice,
5    any document, transcript or pleading given "Confidential" treatment under this Order, and any
6    information contained in, or derived from any such materials (including but not limited to, all
7    deposition testimony that refers, reflects or otherwise discusses any information designated
8    confidential hereunder) may not be disclosed other than in accordance with this Order and may
9    not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this
10   litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and
11   employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact
12   witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need
13   to know such information; (e) present or former employees of the producing party in connection
14   with their depositions in this action (provided that no former employees shall be shown
15   documents prepared after the date of his or her departure); and (f) experts specifically retained as
16   consultants or expert witnesses in connection with this litigation.

17         7.      Documents produced pursuant to this Order shall not be made available to any
18   person designated in Subparagraph 6 (f) unless he or she shall have first read this Order, agreed
19   to be bound by its terms, and signed the attached Declaration of Compliance.

20         8.      Third parties who are the subject of discovery requests, subpoenas or
21   depositions in this case may take advantage of the provisions of this Protective Order by
22   providing the parties with written notice that they intend to comply with and be bound by the
23   terms of this Protective Order.

24         9.      All persons receiving any or all documents produced pursuant to this Order shall
25   be advised of their confidential nature. All persons to whom confidential information and/or
26   documents are disclosed are hereby enjoined from disclosing same to any person except as
27   provided herein, and are further enjoined from using same except in the preparation for and trial
28

of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as confidential information. **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.**

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to

resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**
Dated August 17, 2017

| */s/ David H. Krieger, Esq.*<br>David H. Krieger, Esq.<br>Nevada Bar No. 9086<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue, Suite 350<br>Henderson, Nevada 89123<br>Office: (702) 880-5554<br>dkrieger@hainesandkrieger.com<br><br>Attorneys for Plaintiff | */s/ Tanya N. Lewis, Esq.*<br>Tanya N. Lewis<br>Snell & Wilmer, LLP<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, NV 89169<br><br>Attorneys for Defendant<br>WELLS FARGO CARD SERVICES<br><br>*/s/ Jason Revzin, Esq.*<br>Jason Revzin, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br>6385 S. Rainbow Blvd. Suite 600<br>Las Vegas, NV 89118<br><br>Attorneys for Defendant<br>TRANS UNION LLC |

**ORDER**

**IT IS SO ORDERED.**

Dated: August 22, 2017

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

…

…

…

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2017 at _____.

_____
QUALIFIED                                    PERSON